# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

BERNARD MARTIN,

      Petitioner,

v.                                 CIVIL ACTION NO. 2:10-cv-00444
                                           (Criminal No. 2:08-cr-00230)

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [Docket 89]. By Standing Order entered August 1, 2006, and filed in this case on April 5, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 119] on May 3, 2011, recommending that this Court deny Petitioner's § 2255 motion.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366

(4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. Petitioner is a prisoner at FCI Schuylkill in Minersville, Pennsylvania. On January 9, 2009, Plaintiff appeared in this Court before Chief Judge Goodwin and pled guilty to aiding and abetting the possession with intent to distribute a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] Petitioner's § 2255 motion claims that his attorney, John McGhee, was ineffective because he failed to notify him that under his plea agreement, he would be unable to appeal the denial of his motion to suppress.

Petitioner's counsel filed objections to the Magistrate Judge's PF&R on July 21, 2011 [Docket 129].[2] On January 31, 2012, the Court held an evidentiary hearing regarding Defendant's ineffective assistance of counsel claim where Defendant appeared via video conference. Following the hearing, Petitioner's counsel filed a memorandum on March 23, 2012, to address the issues

---

[1] The Court has reviewed the transcripts of the pretrial motions hearing from December 18, 2008; the plea hearing from January 9, 2009; and the hearing before Magistrate Judge Stanley from April 8, 2011.

[2] Petitioner himself filed a motion entitled: "Movant's Motion for Leave to File Pro-Se Supplemental Objections to the Magistrate Judge's Proposed Factual Findings and Recommendation," [Docket 130]. The Court **GRANTS** this motion. Petitioner attached a 31-page document to the motion entitled: "Movant's Pro-Se Objections to the Magistrate Judge's Report and Recommendation."

raised in the hearing. (Docket 139.)[3] The Government responded on March 29, 2012. (Docket 141.) Petitioner's counsel filed an "Objection to Government's Response Filed Out of Time," asserting that the Government's response was late and should not be considered. (Docket 142.)

## II. OBJECTIONS TO THE PF&R

### A. *Ineffective Assistance of Counsel*

A party claiming ineffective assistance of counsel must show (1) that his counsel's performance was deficient, and (2) that the deficiency resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Gray v. Branker*, 529 F.3d 220, 229 (4th Cir. 2008). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Courts can determine whether there was prejudice to a defendant without first determining if counsel's performance was deficient. *Id.* at 697. In the context of a conviction following a guilty plea, the defendant must satisfy the prejudice prong by showing that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In the objections, Petitioner asserts that his attorney was ineffective because he failed to give Petitioner adequate advice regarding the waiver of the suppression issue. Petitioner does not address the prejudice to him and whether he would have gone to trial if he had been advised that he was

---

[3] Petitioner also filed an "Addendum to Movant's Pro-Se Objections to the Magistrate Judge's Proposed Findings and Recommendation" on March 26, 2012. (Docket 140.)

waiving the suppression motion by pleading guilty.[4] Petitioner, in the memorandum after the hearing, further states that "[h]is lawyer could not have advised him correctly because his lawyer himself did not understand the issue correctly." (Docket 139 at 3.) Petitioner argues that this results in a reasonable probability that he would have insisted on going to trial. (*Id.*)

McGhee testified that he explained to Petitioner that the appeal waiver would have waived the suppression issue. (Docket 138 at 19.) However, the appeal waiver in Petitioner's plea agreement only covers sentencing issues; it does not cover the issue of appealing a suppression motion.[5] As the Government stated in the hearing, it is a matter of law, not plea agreement language, that when a defendant pleads guilty, he waives the ability to appeal a pretrial motion such as a suppression motion. "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004). Thus, after the guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Blackledge v. Perry*, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Id.*

While McGhee's testimony establishes that he may have misunderstood what was covered by the appeal waiver, this does not establish that Petitioner was harmed in any way. What is clear

---

[4] However, in his "pro-se objections," Petitioner asserts that had his attorney explained to him that by pleading guilty he would waive his right to appeal the denial of the suppression motion, he would have not pleaded guilty, but would have instead opted to proceed to trial. (Docket 130-1 at 8.)

[5] The plea agreement provides in pertinent part: "Mr. Martin knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court prior to any departure or variance." (Docket 46 at 4.)

from McGhee's testimony is that he advised Petitioner that pleading guilty would waive the suppression issue.[6] Therefore, Defendant received the correct advice that by pleading guilty, he would be unable to appeal the denial of his suppression motion. The Court does not find that any deficiency resulted in prejudice to Petitioner. Accordingly, Petitioner's objection that McGhee's representation was ineffective is **OVERRULED**.

      *B.      Voluntary and Knowing Guilty Plea*

The Constitution requires that when a defendant enters a guilty plea, it must be voluntary, and he must make related waivers knowingly, intelligently, and with "sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 623 (2002) (quoting *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Rule 11 of the Federal Rules of Criminal Procedure "sets out the 'information a court is to convey to assure that a defendant who pleads guilty understands the consequences of the plea.'" *United States v. Gray*, 491 F.3d 138, 149 (4th Cir. 2007) (quoting *Reno v. Koray*, 515 U.S. 50, 65 (1995)). To advise a defendant of the "consequences of the plea," the court must inform him of the maximum possible penalty and any applicable mandatory minimum. *Gray*, 491 F.3d at 149; Fed. R. Crim. P. 11. A court is not required to inform a defendant about a number of "collateral consequences of a guilty plea." *Gray*, 491 F.3d at 149. Courts are "capable of guaranteeing that guilty pleas are knowing and voluntary without flyspecking on the appellate level." *Gray*, 491 F.3d at 150 (quoting *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996)). Moreover, "[e]ven if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally

---

[6] Petitioner argues that McGhee did not give him such advice. However, the Court finds McGhee a more credible witness than Petitioner.

ineffective trial counsel." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Craig*, 985 F.3d 175, 178 (4th Cir. 1993)). The harmless-error standard is used to evaluate alleged Rule 11 violations and to ensure that guilty pleas are knowing and voluntary. Fed. R. Crim. P. 11(h); *United States v. Vonn*, 535 U.S. 55, 58 (2002). A Rule 11 violation that does not affect substantial rights shall be disregarded. *Vonn*, 535 U.S. at 58.

Petitioner objects to the PF&R, asserting that his guilty plea was not knowing because he was unaware that he was waiving his right to appeal the suppression issue. Petitioner's argument centers on the above argument that he received ineffective assistance from McGhee. As the Court has decided that Petitioner does not have a valid claim for ineffective assistance against McGhee, Petitioner is unable to use this argument to claim that the guilty plea was not voluntary and knowing. Further, Petitioner received the required advice under Rule 11 at his plea hearing. However, this advice does not inform him that he could not appeal his suppression motion. While it is true that a proper Rule 11 colloquy does not preclude a plea from being involuntary and unknowing, there are not sufficient facts in this case to suggest that Petitioner did not know the consequences of his guilty plea. Therefore, Petitioner's substantial rights were not in jeopardy and any variance with Rule 11 was harmless error. In his filings with the Court, Petitioner himself identified the difference between the appeal waiver in the plea agreement and his inability to appeal the denial of his suppression motion. (Docket 130-1.) Accordingly, Petitioner's objection that his guilty plea was not voluntary and knowing is **OVERRULED**.

C. *Suppression Motion*

The crux of Petitioner's argument is that he did not know that his guilty plea would preclude an appeal of the denial of his suppression motion. Of course, even if counsel was ineffective or the plea made with inadequate knowledge of this issue, there is no prejudice if the motion to suppress was without merit. Therefore, the Court has decided to also examine the denial of this motion.

On December 1, 2008, Petitioner filed a "Motion to Suppress Evidence," requesting the Court suppress evidence related to an October 8, 2008, vehicle search as unconstitutional under the Fourth Amendment to the United States Constitution. (Docket 26.) The memorandum accompanying the motion states that Petitioner was a passenger in a vehicle that was stopped by the West Virginia State Police. (Docket 27 at 1.) The vehicle was a rental car, and Petitioner was the named renter.

Drug Enforcement Administration Special Agent Wren C. Ray's affidavit, attached to the criminal complaint, stated that on October 8, 2008, he received information from a confidential source ("CS") that he could purchase 100 OxyContin 80 mg tablets from Aaron Williams. (Docket 1.) The CS stated that Williams lived in Charleston, West Virginia, but was going to Beckley, West Virginia, that day to deliver the tablets to the CS. At 2:30 p.m., the CS stated that Williams told him that he would be leaving Charleston soon. Around 3:00 p.m., Task Force Officer Chris Powell observed someone fitting Williams' description exiting Williams's residence. The person got into a white Saturn Aura bearing New Jersey registration "WBN 12A." Officer Powell followed the car, but lost it in traffic.

The CS received another phone call from Williams's number indicating that another person, later identified as Petitioner, would be with Williams. The conversations the CS had with Petitioner

and Williams included detailed discussions of the drug transaction. Special Agent Ray informed the State Police that Williams would be traveling with another male. The Saturn Aura was then stopped for speeding on Interstate 64. Williams was asked to exit the vehicle and submitted to a frisk where a small amount of marijuana was found. Petitioner denied consent to search the vehicle. Petitioner was then asked to exit the vehicle. A K-9 unit was used and gave a positive indication for narcotics when walking around the vehicle. Williams and Petitioner were secured for officer safety while the vehicle was searched. The search resulted in the discovery of hydrocodone tablets, OxyContin tablets, and marijuana. Both were then arrested.

Petitioner argued that there was not "sufficient probable cause to conduct a warrantless search of the vehicle after it had been stopped for a speeding violation." (Docket 27 at 3.) Further, he contended that there was not an objectively reasonable suspicion of criminal activity to conduct a *Terry* frisk of Williams. (*Id.*) In the alternative, Petitioner argued that even if the *Terry* frisk was valid, the finding of marijuana on Williams did not provide sufficient probable cause for a warrantless search of the trunk. (*Id.* at 5.) Finally, he stated that because there was not a valid search of the trunk, there was no probable cause to arrest Petitioner.

The Government responded that the warrantless search of the vehicle was based on sufficient probable cause. (Docket 33 at 11.) The Government contended that there was significant probable cause "to believe defendant and his companion were illegally transporting controlled substances in their vehicle based on evidence gathered from multiple sources." (*Id.* at 13.) Further, the Government stated that Petitioner's distinction between the passenger compartment versus the trunk applied the incorrect standard. They stated that the search in this case was based on probable cause and the vehicle exception to the warrant requirement and should not be evaluated under the standard

for a search incident to arrest. (*Id.* at 18.) The Government also noted that Petitioner gave a voluntary confession after he was advised of and waived his constitutional rights. Finally, the Government argued that Petitioner had no expectation of privacy concerning his conversations with Williams that were being recorded while they were detained in the police vehicle. (*Id.* at 22.)

On December 18, 2008, Chief Judge Goodwin held a pretrial motions hearing concerning Petitioner's motion to suppress. Before the Government examined Special Agent Ray, the Court asked, "Is your argument [that] there was probable cause to search the automobile because of the information regarding the contraband?" (Docket 82 at 3.) The Government responded, "Yes, Your Honor." (*Id.*) The Government presented four witnesses: Special Agent Ray, Officer Powell, Officer Jason McDaniel, and Corporal Joseph Jackson. After hearing the testimony, and argument from both sides, Judge Goodwin found that there was "probable cause to interdict and stop [the] vehicle and search it for contraband." (Docket 82 at 79.) Judge Goodwin made this ruling based on the information provided to the police from the CS, the monitored phone calls of Williams's number, the surveillance of Williams's apartment, and the identification of Williams in the Saturn Aura. The court noted the confusion from counsels' argument—there was no need to justify the stop as a traffic violation or a *Terry* encounter or the search as incident to an arrest. The search was justified because there was probable cause to believe Williams was transporting illegal drugs. (*Id.* at 83.) The court also stated that there was no probable cause to arrest Petitioner until the search was conducted and the pills were found. Finally, the court found that the "statements were made voluntarily and knowingly and after proper warning, and there was . . . no expectation of privacy in any event." (*Id.* at 84.) The Court then denied the motion to suppress.

The Fourth Amendment protects individuals "against unreasonable searches and seizures. U.S. Const. amend IV. The Supreme Court of the United States has recognized that "[t]emporary detention of individuals during the stop of an automobile by the police . . . constitutes a 'seizure,' within the meaning of the [Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 809 (1996). During a traffic stop, a police officer "seizes everyone in the vehicle, not just the driver." *Brendlin v. California*, 551 U.S. 249, 255 (2007) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). It is therefore well-settled that "[a]n automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008) (quoting *Wren*, 517 U.S. at 810). A warrantless search of a car that police had probable cause to believe contained contraband is a reasonable search. *Wyoming v. Houghton*, 526 U.S. 295, 295 (1999) (citing *Carroll v. United States*, 267 U.S. 132 (1925) and *United States v. Ross*, 456 U.S. 798 (1982)). If officers have probable cause, then a warrantless search of containers within the automobile, like the trunk, is also reasonable. *Id.* at 301.

This Court agrees with the findings at the original suppression hearing. The information that the officers had at the time of the stop gave reasonable cause to believe that there were drugs in the car. *See id.* at 302 (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978): "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought.") The police had multiple sources of evidence to have probable cause to search the vehicle including the information from the CS, the phone calls, the surveillance, and the identification of Williams in the vehicle. Because the warrantless search was reasonable, Petitioner's arrest after the drugs were found was also proper.

The finding that Petitioner's statements were admissible was also correct. The reasonable search led to Petitioner's arrest where he was read his *Miranda* rights. Counsel conceded at the suppression hearing that if the search and arrest were proper, then there would be no valid argument to suppress the statements. (Docket 82 ast 85.) Petitioner's waiver of his *Miranda* rights was knowing and voluntary and there was no expectation of privacy in the back of the police cruiser. Therefore, the statements would have been admissible at trial.

Accordingly, the denial of the suppression motion was proper. Further, because Petitioner did not have a valid suppression argument, he suffered no prejudice in pleading guilty and thereby waiving his right to appeal the suppression issues.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 119], **DENIES** Petitioner's § 2255 motion [Docket 89], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

While the Court concludes that Petitioner's arguments are without merit, he has shown that the merit of his arguments could be debatable. Therefore, **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court issues a certificate of appealability. Petitioner may appeal this order pursuant to the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 23, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE